IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LILLIAN LEIVA,

    Plaintiff,

v.

CITIMORTGAGE, INC., et al.,

    Defendants.

No. C 09-5571 JSW

**FINAL ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND IMPOSING SANCTIONS ON COUNSEL**

On December 23, 2009, Defendants Citimortgage, Inc. and Mortgage Electronic Registration Systems, Inc. filed a Motion to Dismiss and a Motion to Strike, which are noticed for hearing on April 2, 2010. On January 4, 2010, this Court issued an Order setting a briefing schedule. Pursuant to that Order, Plaintiff's opposition briefs were due by no later than January 15, 2010. Plaintiff did not file her opposition briefs in accordance with the Court's deadline.

Accordingly, on January 20, 2010, the Court issued an Order to Show Cause, directing Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute, or why the motions should not be granted as unopposed, or why the Court should not impose monetary sanctions on Plaintiff or her counsel.[1] Plaintiff's response to this Order to Show Cause was due on January 29, 2010. The Court also advised Plaintiff that if she sought to file opposition briefs to Defendants' motions, she would be required submit a request to the Court by January 29, 2010 demonstrating good cause to permit the filing of untimely briefs.

---

[1] Plaintiff's counsel is counsel in another case pending before this Court and has been advised in that case that future failures to comply with Court deadlines could result in monetary sanctions being imposed.

Finally, the Court advised Plaintiff that if she failed to submit a response to this Order to Show Cause by January 29, 2010, the Court would dismiss this case without prejudice for failure to prosecute without further notice to Plaintiff.

Plaintiff did not file a response to the Order to Show Cause and did not submit a request to late file her opposition briefs by January 29, 2010. As of the issuance of this Order, Plaintiff has not filed a response to the Order to Show Cause and has not sought leave to submit her opposition briefs out of time. The Court does not wish to unnecessarily penalize Plaintiff for her counsel's errors, accordingly, the Court shall provide Plaintiff and counsel one final opportunity to respond to this Order to Show Cause before it dismisses the matter for failure to prosecute. Accordingly, Plaintiff shall file a response to this Order to Show Cause demonstrating why the Court should not dismiss this case for failure to prosecute or why Defendants' motions should not be granted as unopposed.

**Plaintiff's response to this Final Order to Show Cause shall be due by no later than February 16, 2010.** Again, if Plaintiff seeks to file opposition briefs to the pending motions to dismiss, she must submit a request to the Court demonstrating good cause for her previous failures to comply with this Court's scheduling orders and orders to show cause. If Plaintiff fails to respond to this Final Order to Show Cause, the case shall be dismissed without prejudice without further notice to Plaintiff.

Finally, the Court shall impose monetary sanctions upon Plaintiff's counsel in the amount of $ 250.00 for failure to comply with the Court's deadlines. Plaintiff's counsel shall not pass these sanctions on to Plaintiff, unless she can demonstrate to the Court that her failure to comply with the Court's deadlines was attributable to Plaintiff's conduct and not her own. It is FURTHER ORDERED that counsel shall serve a copy of this Order on her client, and shall a notice with the Court attesting that she has done so.

Counsel shall pay the sanctions imposed by this Order to the Clerk of the Court by no later than February 19, 2010, and shall file the notice attesting that she has served a copy of the

//
//

Order on Plaintiff by that same date.

**IT IS SO ORDERED.**

Dated: February 5, 2010

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE