IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN LEIVA,<br><br>    Plaintiff,<br><br>v.<br><br>CITI MORTGAGE INC., et al.,<br><br>    Defendants. | No. C 09-05571 JSW<br><br>**ORDER REGARDING PLAINTIFF'S RESPONSE TO FINAL ORDER TO SHOW CAUSE** |

The Court has received Plaintiff's Response to the Final Order to Show Cause issued on February 5, 2010, and Defendants' Reply and Objection to Plaintiff's First Amended Complaint.

The Court finds Plaintiff's response to the Order to Show Cause deficient. Although Plaintiff states that she intends to file an amended complaint, she did not provide a date by which she intended to have that document on file. Moreover, pursuant to Federal Rule of Civil Procedure 15(a), before filing an amended complaint, she must seek leave of court. Defendants' objections in that regard are well-taken, as are their assertions that Plaintiff's response does not address the fact that Defendants moved to dismiss each claim for relief asserted in the original complaint.

Finally, Plaintiff has not shown good cause for her failure to respond to the motions to dismiss or to this Court's first order to show cause as to why the case should not be dismissed for failure to prosecute. Indeed, Plaintiff's response that "new staff has been hired and hopefully this type of mistake will not occur again," is similar to the response counsel provided in January 2010, in response to an order to show cause made in another case pending before this

Court. *See Gonzales v. GMAC Mortgage, LLC, et al.*, Docket No. 51 (Declaration of Sharon Lapin re Order to Show Cause re Sanctions, ¶ 4.)

Because it appears that counsel is at fault, rather than Plaintiff, the Court does not wish to unfairly punish Plaintiff. Accordingly, it is HEREBY ORDERED that Plaintiff must file a motion for leave to file an amended complaint, accompanied by the proposed amended complaint, by no later than **February 26, 2010**. The Court shall not entertain any requests by Plaintiff to continue this deadline, and failure to meet that deadline shall result in the dismissal of this case for failure to prosecute and shall result in the imposition of monetary sanctions in the amount of $500.00 on counsel.

**IT IS SO ORDERED.**

Dated: February 17, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2