**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN LEIVA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITI MORTGAGE INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 09-05571 JSW<br><br>**ORDER GRANTING MOTION TO AMEND, DENYING AS MOOT MOTIONS TO DISMISS AND TO STRIKE, AND DISMISSING** |

Now before the Court for consideration are the Motion to Amend, filed by Plaintiff Lillian Leiva ("Leiva"), and the Motion to Dismiss and the Motion to Strike filed by Defendants CitiMortgage, Inc. ("CMI") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "CMI Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The hearing set for April 2, 2010 is VACATED, and Leiva's Motion to Amend is GRANTED, the CMI Defendants' motions are DENIED AS MOOT, and this matter is dismissed without prejudice.

**BACKGROUND**

On November 24, 2009, Leiva filed the original complaint in this action against the CMI Defendants, and other, in which she alleged numerous state and federal law claims based on an alleged predatory lending scheme. Leiva alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, *et seq.*, against CMI. (Docket No. 1.)

On December 23, 2009, the CMI Defendants moved to dismiss Leiva's complaint and moved to strike certain portions of the complaint. (Docket Nos. 6, 7.) After Leiva failed to submit an opposition by the deadline set in a briefing schedule set by the Court, the Court ordered Leiva to show cause as to why the motions should not be granted. (*See* Docket Nos. 9, 11.) Leiva failed to file a timely response to the Order to Show Cause, and the Court granted her a final opportunity to show why the motions should not be granted. (Docket No. 12.) In her response to the Final Order to Show Cause, Leiva stated that she intended to prepare a First Amended Complaint that would omit the claims for relief based on TILA and RESPA. (Docket No. 15.) The CMI Defendants objected on the basis that Leiva could no longer amend her claims as a matter of right. (Docket No. 17.) The Court found the CMI Defendants' objections well taken and ordered Leiva to file a motion to amend by no later than February 26, 2010. (Docket No. 18.) Leiva timely filed her motion to amend and her proposed amended complaint, which omits the claims for relief based on TILA and RESPA. (Docket No. 25.)

**ANALYSIS**

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

Leiva's proposed amended complaint drops her federal claims and drops MERS as a Defendant.[1] The CMI Defendants argue that the Court should not grant Leiva leave to amend,

---

[1] Leiva submitted a further proposed amended complaint with her reply brief, omitting a reference to RESPA in her negligence claim.

2

on the basis that she is attempting to forum shop and, therefore is acting in bad faith, and that the proposed amended complaint would be futile. Although Leiva initially chose to file suit in federal court, she has now dropped the federal claims. Further, Leiva contends that she is dropping those claims for lack of evidence. Accordingly, the Court does not find she has acted in bad faith or with undue delay. Therefore, her motion to amend is GRANTED and the CMI Defendants' motions are denied as moot.

Because Leiva has dropped her federal claims and because there is not complete diversity among the parties, the Court must determine whether it should exercise its discretion and assume supplemental jurisdiction over the remaining proposed state law claims. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where the federal claims have been dismissed. 28 U.S.C. § 1367(c)(3). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute*, 28 U.S.C. § 1447(c).

The Court that principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case and it therefore dismisses this action without prejudice. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: March 24, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3